1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  KAEDEAN DOPPELMAYR,

12          Plaintiff,                         No. 2:11-cv-2409 AC

13      vs.

14  MICHAEL J. ASTRUE,
    Commissioner of Social Security,

15
            Defendant.                  ORDER AND
16                                       FINDINGS AND RECOMMENDATIONS

17  _____/

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social

19  Security ("Commissioner") denying her applications for Disability Income Benefits ("DIB") and

20  for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

21  ("the Act").  The parties' cross motions for summary judgment are before the court.  For the

22  reasons discussed below, the undersigned recommends plaintiff's motion be granted and the

23  Commissioner's motion be denied.

24  I.      BACKGROUND

25          Plaintiff protectively filed applications for DIB and SSI on August 9, 2006,

26  alleging disability beginning February 17, 2005.  Administrative Record ("AR") 83-85, 94-97.

1

1  Plaintiff's applications were initially denied on November 7, 2008, and upon reconsideration on

2  January 15, 2009.  AR 34, 40.  A hearing was held on April 23, 2009, at which plaintiff appeared

3  without counsel.  The hearing was continued to allow plaintiff to obtain counsel.  AR 730-33.

4  On May 19, 2010, a hearing was held before administrative law judge (the "ALJ") L. Kalei

5  Fong.  AR 734-44.  Plaintiff was not represented by counsel at the hearing, at which she

6  testified.  Id.

7       In a decision dated August 20, 2010, the ALJ determined that plaintiff was not

8  disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Act.[1]  AR 9-24.  The ALJ made

9  the following findings (citations to 20 C.F.R. omitted):

10       1.    The claimant meets the insured status requirements of the
             Social Security Act through December 31, 2010.

11

12  _____

13       [1] Disability Insurance Benefits are paid to disabled persons who have contributed to the
    Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to
    disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability,
14  in part, as an "inability to engage in any substantial gainful activity" due to "a medically
    determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).
15  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.
    See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S.
16  137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:
             Step one:  Is the claimant engaging in substantial gainful
17       activity?  If so, the claimant is found not disabled.  If not, proceed
         to step two.
18           Step two:  Does the claimant have a "severe" impairment?
         If so, proceed to step three.  If not, then a finding of not disabled is
19       appropriate.
             Step three:  Does the claimant's impairment or combination
20       of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
         404, Subpt. P, App.1?  If so, the claimant is automatically
21       determined disabled.  If not, proceed to step four.
             Step four:  Is the claimant capable of performing his past
22       work?  If so, the claimant is not disabled.  If not, proceed to step
         five.
23           Step five:  Does the claimant have the residual functional
         capacity to perform any other work?  If so, the claimant is not
24       disabled.  If not, the claimant is disabled.
    Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
25       The claimant bears the burden of proof in the first four steps of the sequential evaluation
    process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the
26  burden if the sequential evaluation process proceeds to step five.  Id.

2

2.      The claimant has not engaged in substantial gainful activity since February 17, 2005, the alleged onset date.

3.      The claimant has had the following severe impairments: fibromyalgia, chronic fatigue syndrome, diabetes mellitus II and depression.

        . . .

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

        . . .

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand and walk for six hours of an eight hour day; can sit six hours of an eight hour day; and can push and pull without limitations.  The claimant can occasionally bend, crawl, crouch, and stoop; can occasionally reach, handle, finger and feel and grasp.  She has a moderately impaired ability to respond to stress and pressures associated with day-to-day work activity and to relate and interact with supervisors, co-workers and the public.  Her ability to respond appropriately to work situations is mildly impaired.

        . . .

6.      The claimant is unable to perform any past relevant work.

        . . .

7.      The claimant was born [in] 1969 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.      The claimant has at least a high school education and is able to communicate in English.

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

3

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
. . .

11.     The claimant has not been under a disability, as defined in the Social Security Act, from February 17, 2005, through the date of this decision.

12.

AR 12-23.

Plaintiff requested the Appeals Council review the ALJ's decision.  AR 5. However, on July 22, 2011, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 2-4.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

4

1  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

2  III.     ANALYSIS

3          Plaintiff argues that the ALJ committed the following errors in finding plaintiff

4  not disabled: (1) the ALJ denied her right to a full and fair hearing; (2) the ALJ failed to fully

5  develop the record; and (3) the ALJ erred in not calling on the services of a vocational expert in

6  determining plaintiff's residual functional capacity.  Pl.'s Mot. Summ. J. 11-14.

7          Plaintiff first contends that she was deprived of her right to a full and fair hearing

8  because the ALJ proceeded with the May 19, 2010 hearing without permitting her to obtain

9  counsel.  Id. at 11-12.  When seeking disability benefits, a claimant has a statutory right to be

10  represented by counsel.  20 C.F.R. §§ 404.1700, 404.1703, 404.1705.  The Commissioner is

11  required to "notify each claimant in writing . . . of the options for obtaining attorneys to represent

12  individuals in presenting their cases before the Commissioner . . . ."  42 U.S.C. § 406(c), *see* 20

13  C.F.R. § 404.1706.

14          On March 12, 2009, plaintiff was sent a notice that a hearing had been scheduled

15  for April 23, 2009.  AR 45.  The notice informed plaintiff that she had the right to have a

16  representative at the hearing.  AR 46.  Plaintiff appeared at the April 23, 2009 hearing and was

17  advised by the assigned administrative law judge that she had the right to be represented by an

18  attorney.  AR 730.  Plaintiff explained that she wanted to obtain an attorney, and the ALJ granted

19  a continuance of the hearing to allow plaintiff to retain counsel.  AR 731-32.  On February 26,

20  2010, the Commissioner sent plaintiff a notice that a hearing had been scheduled for May 6,

21  2010.  AR 52.  The notice included information about plaintiff's right to representation.  AR 58-

22  59.  On May 3, 2010, plaintiff received notice that her hearing had been rescheduled to May 19,

23  2010.  AR 67.  The rescheduling notice also contained information about plaintiff's right to

24  obtain representation.  AR 71-73.

25          Plaintiff appeared at the May 19, 2010 hearing without representation.  AR 736.

26  Plaintiff informed the ALJ that she had been in contact with an attorney – the attorney currently

5

representing plaintiff in the instant proceeding – but that he had not decided whether he would

represent plaintiff.  AR 736-37.  Since plaintiff's case had been pending for four years, the ALJ

proceeded with the hearing.  AR 737-38.

Plaintiff's argument that the ALJ denied her right to have counsel present at the

hearing is unavailing.  Plaintiff was provided notice on several occasions of her right to have an

attorney.  When she appeared without counsel at the April 23, 2009 hearing, she was granted a

continuance to procure representation.  Although she had more than a year to find an attorney,

she appeared at the May 19, 2010 hearing without counsel.  Given that plaintiff received

numerous notices concerning her right to representation, and more than a year continuance to

obtain counsel, the absence of representation at the May 19, 2010 hearing is attributable to

plaintiff, not the Commissioner.  See Moua v. Astrue, No. ED CV 07-0945-VBK, 2008 WL

2227357, *3 (C.D. Cal. May 27, 2008) (rejecting plaintiff's argument that she was denied her

right to have counsel at her hearing where the Commissioner provided adequate notice of the

right to representation and plaintiff's hearing was previously continued for three months so she

could obtain counsel).

Plaintiff further argues that she was denied a full and fair proceeding because,

after plaintiff obtained an attorney, the ALJ failed to provide notice to counsel that new evidence

had been added to her record.  Pl.'s Mot. Summ. J. 11-12.  At the May 19, 2010 hearing, the ALJ

informed plaintiff that the Social Security Administration ("SSA") did not have any medical

records on plaintiff.  AR 738.  Plaintiff informed the ALJ that she had submitted paperwork to

the SSA to allow it to obtain her medical records.  Apparently the ALJ did not have possession

of this paperwork, so plaintiff again signed the necessary forms to permit the ALJ to obtain her

medical records.  AR 738-40.  The ALJ informed plaintiff that because there were no medical

records, "there really wasn't much that [the ALJ] could go on."  AR 740.  Consequently, the ALJ

only briefly questioned plaintiff about her impairments.  AR 740-43.  The ALJ concluded the

hearing by telling plaintiff that the SSA would obtain her medical records.  AR 740-44.

1          On June 17, 2010, plaintiff's counsel filed notice with the SSA that he would be

2   representing plaintiff in regards to her disability claim.  AR 78.  Five days later, on June 23,

3   2010, the ALJ sent plaintiff a letter informing plaintiff that new medical records had been added

4   to the record.  AR 170-71.  In the letter, the ALJ notified plaintiff that she had the right to submit

5   written comments concerning the evidence, a statement concerning the facts and law related to

6   her case in light of the new evidence, and any additional records.  AR 170.  The notice also

7   stated that plaintiff had a right to request a supplemental hearing, which would be granted unless

8   the ALJ received new evidence supporting a fully favorable decision.  Id.  Plaintiff was also

9   informed that if she did not respond to the letter in 10 days, the ALJ would assume that plaintiff

10  did not wish to request a supplemental hearing or submit additional statements or evidence.  AR

11  171.  A copy of the letter was not sent to plaintiff's attorney.

12         In the ALJ's August 20, 2010 decision, the ALJ stated that plaintiff's

13  "representative has not made a request for a supplemental hearing, has not augmented the record,

14  nor provided any written brief in light of the foregoing sequence of events."  AR 9.  Plaintiff

15  argues that counsel did not respond to the June 23, 2013 notice because the ALJ failed to send

16  the notice to plaintiff's counsel.  Plaintiff contends that the lack of notice resulted in a denial of

17  her right to a full and fair proceeding.

18         The social security regulations provide claimants with the right to appoint

19  someone to represent them in any of their dealings with the SSA.  20 C.F.R. § 404.1700.  A

20  representative has the authority to obtain information concerning the claimant's case, submit

21  evidence, make statements of law and fact, and make requests or give notice about the

22  proceedings.  20 C.F.R. § 404.1710.  When a claimant has designated a representative, the

23  regulations require the Commissioner to send the representative notice of any administrative

24  action, determination or decisions, and requests for information or evidence.  20 C.F.R. §

25  404.1715.

26         Additionally, the SSA's regulations require that notice be given when new

7

evidence is obtained and an opportunity to review and comment on the evidence:

> Opportunity to review and comment on evidence obtained or developed by us after the hearing.  If, for any reason, additional evidence is obtained or developed by us after your disability hearing, and all evidence taken together can be used to support a reconsidered determination that is unfavorable to you with regard to the medical factors of eligibility, we will notify you, in writing, and give you an opportunity to review and comment on the additional evidence.  You will be given 10 days from the date you receive our notice to submit your comments (in writing or, in appropriate cases, by telephone), unless there is good cause for granting you additional time, as illustrated by the examples in § 404.911(b).  Your comments will be considered before a reconsidered determination is issued.  If you believe that it is necessary to have further opportunity for a hearing with respect to the additional evidence, a supplementary hearing may be scheduled at your request. Otherwise, we will ask for your written comments on the additional evidence, or, in appropriate cases, for your telephone comments.

20 C.F.R. § 404.916(f).

Here, the ALJ failed to provide plaintiff with appropriate notice that new evidence had been obtained.  At the conclusion of plaintiff's hearing, the ALJ informed plaintiff that the next step in the administrative proceeding was for the ALJ to acquire plaintiff's medical records. AR 744.  On June 23, 2010, the ALJ sent plaintiff a letter stating that the medical records had been acquired and that plaintiff had the right to submit written comments and request a supplemental hearing.   AR 170-71.  There is no dispute that the letter contained the notice required by 20 C.F.R. § 404.916(f).  However, by the time plaintiff received the notice, she had already notified the SSA that she had obtained representation.  AR 78.  It was reasonable for plaintiff to assume that her attorney would handle any legal matter concerning the new evidence.  Indeed, the SSA's regulations required notice be sent to her representative.  20 C.F.R. § 404.1715.  However, no action was taken on plaintiff's behalf because the ALJ failed to send notice to plaintiff's attorney.  Consequently, plaintiff's attorney did not learn that the SSA had obtained plaintiff's medical records until the ALJ issued the decision denying plaintiff disability benefits.  AR 24.

Under these circumstances, the undersigned finds that the ALJ's failure to comply with the agency's regulations denied plaintiff her statutory right to address the medical evidence

8

relied upon by the ALJ in denying plaintiff benefits.  See Gemson v. Astrue, No. C10-1971-

RSL-BAT, 2011 WL 2680576, *3-4 (W.D. Wash. June 14, 2011) (finding that the ALJ violated

the plaintiff's statutory rights to notice and a hearing where the ALJ sent notice to the plaintiff,

but not to her attorney).  Accordingly, the matter must be remanded for further proceedings to

provide plaintiff an opportunity to address the medical evidence.[2]

IV.     CONCLUSION

Accordingly, it is hereby ORDERED that the Clerk randomly assign this case to a

United States District Judge.

Further, it is hereby RECOMMENDED that:

1.  Plaintiff's motion for summary judgment (ECF No. 13) be granted;

2.  Defendant's motion for summary judgment (ECF No. 18) be denied;

3.  The matter be remanded for further proceedings consistent with these findings

and recommendations; and

4.  The Clerk be directed to enter judgment for plaintiff.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

(14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen (14) days after service of the objections.  The parties are

////

////

////

----

   [2]  As the matter must be remanded for further proceedings on the ground that the ALJ
denied plaintiff her right to a full and fair proceeding, the undersigned declines to address
plaintiff's additional arguments.

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

3   DATED: February 11, 2013.

4

5                                              _____
                                               ALLISON CLAIRE
6                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26