UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAEDEAN DOPPELMAYR,

        Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

                                           NO. CIV. S-11-2409 LKK/AC

O R D E R

This is a Social Security case. On May 20, 2013, this court adopted the Magistrate Judge's Findings and Recommendations in full, having received no objections thereto by either party. Defendant now seeks to alter or amend this court's judgment on the purported ground that the judgment "rests on a manifest error of law." Notice of Motion and Motion To Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) ("Motion") (ECF No. 24) at 2 (emphasis added). The motion may be decided without argument or further briefing, as defendant's motion papers are plainly insufficient to grant its motion.

1

1    The Magistrate Judge recommended that this Social Security
2 matter be remanded to the Commissioner for further proceedings,
3 because "the ALJ failed to provide plaintiff with appropriate
4 notice that new evidence had been obtained," thus depriving
5 plaintiff of "her statutory right to address the medical evidence
6 relied upon by the ALJ in denying plaintiff benefits."  Findings
7 & Recommendations ("F+R") (ECF No. 21) at 8-9.  This recommendation
8 was predicated upon the Magistrate Judge's <u>factual</u> findings that:
9    (1) "On June 17, 2010, plaintiff's counsel filed notice with
10 the SSA that he would be representing plaintiff in regards to her
11 disability claim" (F+R at 7); and
12    (2) "On June 23, 2010," six days later, the ALJ sent
13 <u>plaintiff</u>, not her attorney, "a letter stating that the medical
14 records had been obtained and that plaintiff had the right to
15 submit written comments and request a supplemental hearing (F+R at
16 8).
17    Based upon these factual findings, the Magistrate Judge
18 applied the correct law to reach her conclusion:  "[w]hen a
19 claimant has designated a representative, the regulations require
20 the Commissioner to send the <u>representative</u> notice of any
21 administrative action, determination or decisions, and requests for
22 information or evidence."  F+R at 7 (emphasis added), citing 20
23 C.F.R. § 404.1715 ("We will send to your representative ...
24 [n]otice and a copy of any administrative action, determination,
25 or decision, and ... [r]equests for information or evidence").
26    Defendant has shown no legal error here.  Instead, defendant's

entire motion is predicated upon an asserted error of <u>fact</u> (notwithstanding his claim that a "manifest error of law" occurred). Specifically, defendant asserts that the Magistrate Judge was incorrect in finding that the plaintiff already had notified the Social Security Administration ("SSA") that she had obtained representation, at the time SSA sent to her – not to her attorney – the required notice. Motion at at 3 ("The Magistrate incorrectly stated that Plaintiff's attorney 'filed notice [of representation] with the SSA' on June 17, 2010"). However, defendant has waived any alleged errors of fact by failing to object to the Magistrate Judge's Findings and Recommendations. <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991) ("we have held that parties who do not object to a magistrate's report waive their right to challenge the magistrate's factual findings but retain their right to appeal the magistrate's conclusions of law").

Defendant attempts to avoid this rule by arguing that the legal conclusion "rests on an error." Motion at 3. However, the Magistrate Judge's legal conclusion is entirely correct given her factual findings. Moreover, the factual findings themselves are not before this court, since defendant did not object to them.

Defendant correctly argues however, that whether the agency's decision is supported by "substantial evidence" is a question of law.[1]  <u>Baxter</u>, 923 F.2d 1391 ("The question of whether the ALJ's findings are supported by subtstantial evidence is a question of

---

[1] <u>See</u> **Motion at 2.**

3

law"); Greenhow v. Secretary of Health & Human Services, 863 F.2d 633, 635 (9th Cir. 1988) ("The question of whether an administrative agency's finding of fact is supported by substantial evidence is not, however, a factual issue; it is a question of law"), overruled on other grounds, U.S. v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) (en banc). Defendant's failure to object to a conclusion of law "would not, standing alone, ordinarily constitute a waiver of the issue." Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983) ("The Fifth and the Eighth Circuits have held that failure to file objections does not waive the right to appeal the district court's conclusions of law. We agree.") (citations omitted). Accordingly, the court examines the evidence in support of the Magistrate Judge's findings.

The Magistrate Judge's factual findings are supported by substantial evidence. The Magistrate Judge cites the Administrative Record ("AR") at 78, as evidence that plaintiff's attorney gave notice of his representation on June 17, 2010. The document – which notifies the SSA that plaintiff is represented by counsel – is signed June 17, 2010. Defendant fails to explain why it is not a reasonable inference that the document was filed or otherwise provided to the SSA on or about that date.

Instead, defendant argues that what he calls a fax "date-stamp" establishes that the notice was not given until July 8, 2010. Motion at 3. The court presumes that defendant is referring to a line at the top of one page of what appears to be the second

4

1  page of the notice document (AR 79), that reads, in its entirety:

3  **"07/08/2010   20:22   9167324388   Richard Shore LawOff   Page 0."**

5  This so-called "date-stamp" does not rebut the inference that the
6  document was filed on or about the date it was signed.  There is
7  no indication from this line that the document was even faxed to
8  the SSA, since the only fax number appearing on the document
9  (9167324388) is that of plaintiff's counsel.  Indeed, the "date-
10 stamp" does not establish anything, other than that the document
11 appears to have been faxed from the office of plaintiff's counsel
12 to some unknown number, on July 8, 2010.  It does not rebut the
13 inference that the document was filed (by fax or by some other
14 means) on or about the date it was signed, June 17, 2010.
15     In short: defendant failed to object to the Magistrate Judge's
16 factual findings during the time allotted for such objections; the
17 Magistrate Judge's factual findings are supported by substantial
18 evidence; and the Magistrate Judge's legal conclusions are correct.
19     Defendant's motion to alter or amend the judgement (ECF
20 No. 24) is **DENIED**.
21     IT IS SO ORDERED.
22     DATED: June 14, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5